UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-00074-ODW (MAA)**                                          Date:  **May 31, 2022**

Title   **Christopher Williams v. Esquentini et al.**

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Dismissing First Amended Complaint With Leave to Amend (ECF No. 23)**

## I.   INTRODUCTION

On November 30, 2021, Plaintiff Christopher Williams ("Plaintiff"), a federal prisoner proceeding *pro se*, filed a Complaint alleging violations of his civil rights. (Compl., ECF No. 1.) The case was transferred to this Court from the Western District of Louisiana on January 6, 2022. (*Id.*)

On April 7, 2022, Plaintiff filed a Motion for Leave to File a Second or Subsequent Amendment ("Motion"). (Mot., ECF No. 19.) On May 11, 2022, the Court issued an order on the Motion, explaining that the time limit for Plaintiff's filing an amended pleading as of course under Federal Rule of Civil Procedure ("Rule") 15(a)(1) had not yet expired. (ECF No. 22.) The Court also explained that Local Civil Rule of the Central District of California states that "[e]very amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." C.D. Cal. L.R. 15-2. (*Id.*) As such, the Court denied the Motion as unnecessary and directed the Clerk to docket Plaintiff's pleading as the "First Amended Complaint" ("FAC"). (*Id.*)

The Court has screened the FAC and, for the reasons stated below, dismisses the FAC with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-00074-ODW (MAA)**                                    Date:  **May 31, 2022**

Title       **Christopher Williams v. Esquentini et al.**

## II.   LEGAL STANDARD

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## III.  DISCUSSION

### A.   The FAC Is Unrelated to the Complaint

Plaintiff's FAC is completely unrelated to the Complaint, and must be dismissed in its entirety for this reason.

The Complaint was filed against: (1) Cortez-Reyes, a nurse at USP Victorville; (2) an unnamed female nurse at USP Victorville; (3) Wolever, assistant warden at USP Victorville; and (4) five compound officers.  (Compl. 3.)[1]  The Complaint arises out of an incident on November 27, 2019, in which Plaintiff allegedly was beaten by officers and/or staff, and subsequently denied and delayed medical treatment.  (*Id*. at 3–8.)

In contrast, the FAC is filed against: (1) the Warden's Office of USP Victorville; (2) Range, a case manager at USP Victorville; and (3) Quezada, a case manager at USP Victorville.  (FAC 3, ECF No. 23.)  The FAC asserts violations of Plaintiff's due process rights due to the denial of his case file while he was in SHU, the compromise of his medical records, his classification as a "sex offender" without notice, and denial of lower custody review.  (*Id*. at 5–8.)  The FAC also alleges

---

[1] Citations to page numbers in docketed documents reference the numbers in the CM/ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **2:22-cv-00074-ODW (MAA)** | Date: **May 31, 2022** |
| Title  **Christopher Williams v. Esquentini et al.** | |

that staff retaliated against Plaintiff and interfered with his rights to access the courts. (*Id*. at 9.)

Plaintiff's attempt to add new defendants to this action is impermissible under Rule 20, which permits joinder of new defendants only where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Here, Plaintiff's FAC is asserted against entirely new defendants and his claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences," and there is no "question of law or fact common to all defendants." *See id*. For these reasons, the new Defendants and claims in the FAC violate Rule 20, and the FAC must be dismissed entirely.

If Plaintiff wishes to bring a lawsuit against the Defendants for the claims in his FAC, he may file a separate lawsuit, after exhausting administrative remedies.

### B. Shortcomings of Plaintiff's Pleadings

If Plaintiff files an amended pleading in this lawsuit, or files the claims of the FAC in a separate lawsuit, Plaintiff must note the following.

1. Rule 8

Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | **2:22-cv-00074-ODW (MAA)** | Date: **May 31, 2022** |
| Title | **Christopher Williams v. Esquentini et al.** | |

678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

If Plaintiff files an amended pleading, he must ensure that Defendants are provided fair notice of the grounds being asserted against them and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. This means that Plaintiff must state the capacity in which each Defendant is sued (individual and/or official), specify which claims are being asserted against each Defendant, and provide sufficient factual allegations regarding each Defendant's acts and omissions that allegedly violated Plaintiff's rights. If Plaintiff files an amended complaint, Plaintiff must satisfy Rule 8 for every Defendant and should omit any Defendant for whom Plaintiff cannot provide specific factual allegations of how such Defendant violated Plaintiff's rights.

        2.    *Bivens*

Although Plaintiff asserts that both the Complaint and FAC are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), Section 1983 creates a remedy against state officials, not federal officials. *See* 42 U.S.C. § 1983. Congress enacted 42 U.S.C. § 1983 to permit a damages remedy against state officials who violate an individual's constitutional rights, but did not create an analogous statute for federal officials. *Ziglar v. Abbasi*, 582 U.S. ___, ___, 137 S. Ct. 1843, 1854 (2017). "*Bivens* actions, the judicially crafted counterpart to Section 1983, enable victims of federal misconduct to sue the individual federal wrongdoers responsible for the transgression of their rights." *Gibson v. United States*, 781 F.2d 1334, 1341 (9th Cir. 1986). To state a *Bivens* claim, a plaintiff must allege that a defendant, while acting under color of federal law, deprived the plaintiff of a federal constitutional right. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).

The Supreme Court has approved an implied private action against federal officers in only three instances. *First*, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–90 (1977), the Supreme Court recognized an implied private action for damages against federal officers pursuant to the Fourth Amendment's prohibition against unreasonable search and seizure. *Second*, in *Davis v. Passman*, 442 U.S. 220, 248–49 (1979), the Supreme Court held that the Fifth Amendment Due Process clause provided a damages remedy against a Congressman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-00074-ODW (MAA)**                                          Date:  **May 31, 2022**

Title    **Christopher Williams v. Esquentini et al.**

for gender discrimination. *Third*, in *Carlson v. Green*, 446 U.S. 14, 19 (1980), the Supreme Court held that the Eighth Amendment's Cruel and Unusual Punishments Clause provided a damages remedy against federal jailers for failure to provide adequate medical treatment. "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 137 S. Ct. at 1855. The Supreme Court "has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id.* at 1857 (quotation marks and citations omitted). To determine whether a *Bivens* claim may proceed, a court asks (1) whether the claim arises in a new *Bivens* context, and (2) whether there are special factors counselling hesitation in expanding *Bivens* in the absence of affirmative action by Congress. *See id*.

The only claim in either Plaintiff's Complaint or FAC for which the Supreme Court has extended a *Bivens* remedy is the Complaint's Eighth Amendment claim for failure to provide medical treatment. The Supreme Court has not expressly approved a *Bivens* remedy for any of the other claims in Plaintiff's Complaint and FAC. As the Court has dismissed Plaintiff's pleading, the Court does not opine whether it would recommend extending a *Bivens* remedy to any of the other claims in the Complaint or FAC.

**IV.    CONCLUSION**

In light of the foregoing, the FAC is **DISMISSED** with leave to amend. No later than **June 30, 2022**, Plaintiff must either: (1) file a Second Amended Complaint ("SAC") that corrects the deficiencies discussed above; or (2) advise the Court that Plaintiff no longer intends to pursue this lawsuit.

The SAC must cure the pleading defects discussed in the Order and shall be complete in itself without reference to the FAC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-00074-ODW (MAA)**                                            Date:  **May 31, 2022**

Title       **Christopher Williams v. Esquentini et al.**

**Plaintiff is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**.  See **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[2]  If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1).  (A Notice of Voluntary Dismissal form is attached.)

It is so ordered.

Attachments
Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)

---

[2] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.